**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 02-4856**

_____

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

         versus

CURTIS FIELDS, a/k/a Ann Dan,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Beaufort.  Sol Blatt, Jr., Senior District
Judge.  (CR-00-263)

_____

Submitted:  January 30, 2004        Decided:  February 17, 2004

_____

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas D. "Val" Guest, Jr., PARSONS, OUVERSON, STARK, GUEST &
NEILL, P.A., Murrells Inlet, South Carolina, for Appellant.  Nancy
Chastain Wicker, OFFICE OF THE UNITED STATES ATTORNEY, Columbia,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Curtis Fields appeals his conviction after a guilty plea and 120-month sentence for conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(A) (2000). Counsel for Fields has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but presenting one issue for this Court's review. Fields was notified of his right to file a pro se supplemental brief, but he has not done so. Finding no error, we affirm.

Counsel suggests that the district court did not comply with the dictates of Fed. R. Crim. P. 11 in accepting Fields's plea. Fields did not object during the plea colloquy, nor did he move to withdraw his guilty plea. Accordingly, Fields's allegations are reviewed for plain error. See United States v. Vonn, 535 U.S. 55 (2002); United States v. Martinez, 277 F.3d 517, 527 (4th Cir.), cert. denied, 537 U.S. 899 (2002). To meet the plain error standard, (1) there must be an error; (2) the error must be plain, meaning obvious or clear under current law; and (3) the error must affect substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). Even if these criteria are met, an error will not be noticed unless it seriously affects the fairness, integrity, or public reputation of the proceeding. Id. at 736. In light of the thorough plea colloquy by the district

court, we conclude that the court did not violate Rule 11 in accepting Fields's plea.

In accordance with <u>Anders</u>, we have reviewed the record for reversible error and have found none. Therefore, we affirm Fields's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>